CRAWLEY, Judge,
concurring in part and dissenting in part.
Although I agree with the majority’s opinion on the issues of alimony, property division, and child support, I must dissent from the judgment in part, because I conclude that Ala.Code 1975, § 30-2-8, is an unconstitutional deprivation of the due process guaranteed by the Fourteenth Amendment to the United States Constitution.
The majority correctly recognizes that a statute that restricts the right to marry, a fundamental right, is subject to strict scrutiny and that such a statute will only be upheld if it is “supported by sufficiently important state interests, and is closely tailored to effectuate only those interests.” Zablocki v. Redhail, 434 U.S. 374, 388, 98 S.Ct. 673, 682, 54 L.Ed.2d 618 (1978). Section 30-2-8 is neither sustained by “sufficiently important state interests,” nor “closely tailored to effectuate only those interests.” Id.
The majority states that the statute constitutionally allows a judge to exercise his or her discretion to prohibit remarriage, to promote important state interests such as preventing marriages of those with mental illness, preventing fraud, and protecting the public health. These interests are protected and promoted by laws specific to these concerns (see Ala.Code 1975, §§ 30-1^4 through -18, for' regulations relating to age, relationship, and license requirements; see Ala.Code 1975, § 13A-13-1, which prohibits bigamy; § 13A-13-2, which prohibits adultery; and § 13A-13-3, which prohibits incest). The constitution requires more than that a statute possibly promote unspecified important state interests; rather, a statute restricting a fundamental right must be narrowly drawn to accomplish only the important state interests. See id.
This case is an excellent example of how § 30-2-8 is not narrowly drawn to promote only important state interests. Section 30-2-8 provides that a judge may prohibit remarriage “as the evidence and the nature of the case may warrant.” Certainly, the discretion given to a trial judge in a divorce case is not a narrow power but a broad power. Thus, this statute, by its very terms, is not narrowly drawn, because the trial judge utilizes his or her discretion to determine whether a party may exercise the fundamental right to marry.
*835 The majority states that § 30-2-8 is distinguishable from the Wisconsin statute invalidated by the United States Supreme Court in Zablocki, supra. The Wisconsin statute provided that a person could not obtain a marriage license if he or she had a child support arrearage. The United States Supreme Court invalidated the statute and stated that the state’s interest in ensuring that noncustodial parents support their minor children is a “legitimate and substantial” interest, “but, since the means selected by the State for achieving these interests unnecessarily impinge on the right to marry, the statute cannot be sustained.” Id. at 388, 98 S.Ct. at 682. Obviously, the state’s interest in protecting its minor children’s welfare is stronger than providing judicial discretion to prohibit remarriage after divorce.
The majority reasons that § 30-2-8 is not unconstitutional, because it provides that a person who has been prohibited from remarrying may petition the court to receive permission to remarry “upon motion and proper proof, ... as justice may seem to require.” This is not distinguishable from the Wisconsin statute, which allowed a person to obtain a marriage license once he or she proved that support orders were satisfied and that the children were not likely to become dependent on the state for support.
Because I cannot distinguish this case from the United States Supreme Court’s decision in Zablocki, supra, I conclude that § 30-2-8 is unconstitutional; therefore, I must respectfully dissent as to that issue.